UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER GABRIEL,<br><br>             Plaintiff,<br><br>      v.<br><br>MARWAN ZUBIDAT, *et al.*,<br><br>             Defendants. | Civ. No. 24-7345 (RK)(JBD)<br><br>**MEMORANDUM ORDER** |

    Before the Court is plaintiff Lester Gabriel's second motion for alternative service of process upon defendant Marwan Zubidat. [Dkt. 9]. The Court denied his first motion without prejudice and directed him to engage in additional efforts to locate and serve Zubidat. [Dkt. 7]. Plaintiff now makes a second application for alternative service after making additional attempts to locate and serve Zubidat through traditional means.

    Upon review of Gabriel's renewed motion, accompanying submissions, including an affidavit from plaintiff's private investigator, and an *in camera* discussion with plaintiff's counsel and his private investigator, the Court is satisfied that plaintiff's additional efforts continued to demonstrate diligence and a good faith effort to effect service by traditional means.

    The Court also concludes that service via certified mail and first-class mail directed to 715 28th Street, Apt. 16, Union City, New Jersey 07087 (hereafter, the "715 28th Street address") will comport with the minimal standard of due process. Gabriel sought the assistance of a process server, who attempted

personally to serve Zubidat on numerous occasions, and hired a private investigator, who attempted to locate and verify Zubidat's whereabouts over the course of several months. Upon a full review of the renewed motion, the Court finds it reasonably likely that Zubidat will receive the summons and complaint at the 715 28th Street address. As the Court previously found, [Dkt. 7], Gabriel's efforts to serve Zubidat have been diligent, and the Court is satisfied that service at the 715 28th Street address is "reasonably calculated, under all the circumstances, to apprise [Zubidat] of the pendency of the action and afford [him] an opportunity to present [his] objections." *H.D. Smith, LLC v. Prime Rite Corp.*, Civ. No. 16-294 (ES), 2016 WL 3606785, at *2-3 (D.N.J. July 5, 2016) (citation omitted).

Out of an abundance of caution, however, and given the circumstances of the instant case, the Court also directs plaintiff to serve Zubidat by publication.

For the reasons stated and upon good cause shown,

**IT IS** on this **21st** day of **August, 2025**,

**ORDERED** that plaintiff's motion for alternative service [Dkt. 9] is **GRANTED**; and it is further

**ORDERED** that plaintiff shall be permitted to effect service no later than **45 days from date of this order** by certified mail and first-class mail to the 715 28th Street address, and by publication; and it is further

**ORDERED** that plaintiff shall publish an appropriate notice of this suit in The New Jersey Star Ledger and The Jersey Journal once per week, for three consecutive weeks; and it is further

**ORDERED** that upon completion of service by certified and first class-mail to the 715 28th Street address and the publication notice directed herein, good and effective service of process upon Zubidat shall be deemed complete; and it is further

**ORDERED** that plaintiff shall file proof of service, in certification form or otherwise, upon completion of service pursuant to this Order, and shall attach the published notices to such certification.

J. Brendan Day
United States Magistrate Judge